Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 0165 | **DATE** | 2/27/2002 |
| **CASE TITLE** | ASI Acquisition, LLC, and Aviation Systems International, Inc. vs. Lawrence Rayman and Ethan Alpert | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the defendants' motion for summary judgment against the Second, Sixth, and Seventh Claims of the plaintiffs' complaint is denied. [Doc. # 23].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 28 2002 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | 29 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| vg(lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ASI Acquisition, LLC, and Aviation Systems International, Inc., )
)
)
Plaintiffs, )
) No. 01 C 165
v. )
) HONORABLE DAVID H. COAR
Lawrence Rayman, and Ethan Alpert, )
)
Defendants. )

DOCKETED
FEB 2 8 2002

## MEMORANDUM OPINION AND ORDER

Before this court is defendants', Lawrence Rayman ("Rayman") and Ethan Alpert ("Alpert")(collectively "defendants"), motion to dismiss the Second, Sixth, and Seventh claims of the plaintiffs', ASI Acquisition, LLC ("ASI Acquisition"), and Aviation Systems International, Inc. ("ASI")(collectively "plaintiffs"), complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the following reasons, the defendants' motion is denied.

### Background

This is an action by ASI Acquisition and ASI for alleged violations of the Illinois Securities Exchange Act of 1934 and various Illinois state law claims that arise out allegedly false statements and misleading omissions by Rayman and Alpert in connection with their sale to plaintiffs of 100% of the common stock of ASI Holding, Inc., ("ASI Holding"), the parent corporation of the operating subsidiary ASI.

Rayman and Alpert bring a motion for summary judgement against three counts of the

plaintiff's complaint. The defendants challenge the plaintiffs' Illinois consumer fraud act claim, arguing that the plaintiff's have not stated a claim upon which relief may be granted. In addition, Rayman and Alpert challenge plaintiffs' claims for a declaratory judgment and unjust enrichment, asserting that former fails due to a lack of "actual controversy" and the latter fails consequently.

## Standard of Review

Typically, a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the defendant will prevail on the merits, but instead whether the defendant has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the defendant's well-pleaded factual allegations, as well as all reasonable inferences. Id. Thus, the court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78, 104 S. Ct. 2229, 2232 (1984)). Any ambiguities are construed in favor of the defendant Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995). However, the court need "not strain to find inferences favorable to the defendant which are not apparent on the face of the complaint." Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977).

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. See In re Chicago, Rock Island & Pacific R.R. Co., 794 F.2d 1182, 1188 (7th Cir.1986). In reviewing a 12(b)(1) motion to dismiss, the court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction

exists. See United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir.1996), citing Bowyer v. United States Dep't of Air Force, 875 F.2d 632, 635 (7th Cir.1989), cert. denied, 493 U.S. 1046 (1990). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. See Kontos v. United States Dep't of Labor, 826 F.2d 573, 576 (7th Cir.1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942). With these principles in mind, the court evaluates the defendants' motion.

**Analysis**

*I.    Illinois Consumer Fraud and Deceptive Trade Practices Act*

The defendants argue that the plaintiffs claim, under the Illinois Consumer Fraud and Deceptive Trade Practices Act ("Consumer Fraud Act"), Illinois Statutes Chapter 816 §§ 505/2 and 505/10(a), must be dismissed because it fails to allege a nexus between the wrongful conduct and consumer protection concerns and therefore fails state claim upon which relief may be granted.

As is apparent from its name, The Consumer Fraud Act is fundamentally concerned with protecting consumers. Web Communications Group, Inc. v. Gateway 2000, Inc., 889 F.Supp. 316, 323 (N.D.Ill.1995). In 1990, the Act was amended to provide that "proof of a public injury, a pattern, or an effect on consumers generally shall not be required." 815 ILCS 505/10a(a). The decisions of this district have consistently held, however, that the 1990 amendment to the Consumer Fraud Act "did not eliminate the requirement of a connection to consumers." Athey Products Corp. v. Harris Bank Roselle, 89 F.3d 430, 436 (7th Cir.1996); Industrial Specialty Chemicals, Inc. v. Cummins Engine Co., Inc., 902 F.Supp. 805 (N.D.Ill.1995); Stepan Co. v.

Winter Panel Corp., 948 F.Supp. 802, 805-806 (???). Therefore, when both parties to the suit are commercial entities which are not consumers "the test for standing is whether the alleged conduct invokes trade practices addressed to the market generally or otherwise implicates consumer protection concerns.' " Lefebvre Intergraphics, Inc. v. Sanden Machine Limited, 1996 WL 718189 at *9 (N.D.Ill.1996); Lake County Grading Company of Libertyville, Inc. v. Advance Mechanical Contractors, Inc., 275 Ill.App.3d 452, 458, 211 Ill.Dec. 299, 305, 654 N.E.2d 1109, 1115 (2d Dist.1995) (citations omitted). Consequently, claims brought by such parties under the Consumer Fraud Act "must meet the consumer nexus test by alleging that the conduct involves trade practices directed to the market generally or otherwise relates to consumer protection issues." Athey Products, 89 F.3d at 436. By its very terms, this test applies only to a Consumer Fraud Act action by a business that is not a consumer of the other business's products. Stephen Co., 948 F. Supp. at 806. Non-business plaintiffs are not required to plead a separate consumer nexus.

Here, ASI Acquisition, in purchasing Rayman's and Alpert's stock, was a "consumer" of Rayman's and Alpert's "merchandise" as those terms are defined by the Act, and consequently, is not subject to the more stringent standing requirements for two businesses. The Act provides that "The term 'consumer' means any person who purchases or contracts for the purchase of merchandise not for resale . . . but for his use." Ill.Stat.Ch. 815 § 505/1(f). "The term 'person' includes any . . . partnership, corporation (domestic and foreign), company, trust, business entity or association . . ." Ill.Stat.Ch. 815 § 505/1(c). "The term 'merchandise' includes any objects, wares, goods, commodities, intangible, real estate . . . or, services." Ill.Stat.Ch. 815 § 505/1(b). Finally, in the this district, the term "merchandise" as employed in the Consumer Fraud Act has been held to include securities. Onesti v. Thomson McKinnon Securities, Inc., 619 F.Supp.

1262, 1267 (N.D. Ill. 1985); see also J.C. Whitney & Co. v. Renaissance Software Corp., 2000 WL 556610, at *5 (N.D. Ill. April 19, 2000), *adopted in relevant part and rejected in part on other grounds*, 98 F.Supp. 2d 981, 983 (2000). Given that the plaintiffs qualify as "consumers" and stocks qualify as "merchandise", the plaintiffs may maintain an action under the Consumer Fraud Act. The defendants' motion to dismiss the plaintiffs' Consumer Fraud Act claim, pursuant to Fed.R.Civ.P. 12(b)(6) is denied.

## II. *Declaratory Judgement and Unjust Enrichment Claims*

The defendants also contend that the court lacks subject matter jurisdiction over the plaintiff's declaratory judgment claim because the claim fails to allege an "actual controversy".

The Declaratory Judgement Act ("DJA") provides, in relevant part,

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). In order for the court to entertain the instant action for declaratory judgment, it must first determine whether the court has subject matter jurisdiction, i.e., whether the case presents an "actual controversy" between the parties. Nucor v. Aceros v. Maquilas De Occidente, 28 F.3d 572, 577 (7th Cir.1994). This requirement "tracks the 'cases' or 'controversies' requirement of Article III." Harris Trust & Sav. Bank v. E-II Holdings, Inc., 926 F.2d 636, 639 (7th Cir, 1991) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937), cert. denied, 502 U.S. 866 (1991)).

Whether the case presents a justiciable controversy depends upon "whether ... there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy

and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) (quoted in Oneida Tribe of Indians v. Wisconsin, 951 F.2d 757, 760 (7th Cir.1991)). The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. South Spring Gold Co. v. Amador Gold Co., 145 U.S. 300, 301 (1892). It must be a real and substantial controversy admitting of specific relief through a decree it a conclusive character, and it must be ripe for judicial action in that "[t]he disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." Public Serv. Comm'n of Utah v. Wycoff, 344 U.S. 237, 243 (1952). A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical, abstract, or purely academic character. United States v. Alaska S.S. Co., 253 U.S. 113, 116 (1920).

In the present case, the "actual controversy" requirement is satisfied. The parties have adverse legal interests. The plaintiffs argue that the termination of Rayman and Alpert was "for cause", thereby legally allowing plaintiff to cease making payments to Rayman an Alpert and potentially allowing the plaintiffs to recover monies from the defendants under a theory of unjust enrichment. Although the defendants attempt to disguise the adversity of their legal interests, there is no doubt that the defendants wish to classify the termination as "without cause", thereby receiving the benefits and monies as stated in the contracts between the parties. The controversy is substantial with valuable legal rights at stake. Rayman's and Alpert's rights to sum s under the employment agreements, subscription agreements, and promissory note hinge on whether the "for cause" termination was proper. Finally, the dispute is real, not hypothetical. In this case there are concrete, specific facts that have already occurred. This is not a situation where the

court is asked to rule "what if" on imaginary facts that never occurred or may never occur.

The defendants argue that the plaintiffs' declaratory judgment claim does not satisfy the "actual controversy" requirement because Rayman and Alpert already had been terminated "without cause" by the plaintiffs when the plaintiffs sent out notices to Rayman and Alpert that, in fact, they had been terminated "for cause". The defendants contend that plaintiffs are asking the court to "rewrite history" and declare that "something occurred which did not occur". In the court's view, however, the plaintiffs simply are attempting to establish the legal rights and obligations of the parties in this case. The fact that the plaintiffs already had terminated Rayman and Alpert does not strip them of their right to seek the legally correct interpretation of their rights and obligations.

In light of the above analysis, the court finds the that the plaintiffs claim for unjust enrichment is appropriate and valid. In the Smithberg v. Illinois Municipal Retriement Fund, 735 N.E.2d 560 (Ill. 2000), the Illinois Supreme Court stated that to prevent unjust enrichment, equity demands that a person disgorge sums he has obtained to which he is not entitled. Id. at 565. In this case, the plaintiffs have argued that Rayman and Alpert may not be entitled to the monies they have received. Therefore plaintiffs may maintain their claims for declaratory judgment and unjust enrichment, and the defendants' motion to dismiss these claims is denied.

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment against the Second, Sixth, and Seventh Claims of the plaintiffs' complaint is denied.

Enter:

_____

David H. Coar

United States District Judge

Dated: FEB 27 2002